Gregory M. THOMAS, Plaintiff,

v.

DISTRICT OF COLUMBIA and Sgt.
Charles Ingram, Defendants.

Civ. A. No. 93–2313 (PLF).

United States District Court,
District of Columbia.

May 23, 1995.

Robert W. Ogren, Barbara Rowland, Pettit & Martin, Washington, DC, for plaintiff.

William R. Morel, Asst. Corp. Counsel for D.C., Correctional Litigation Section, Washington, DC, for defendants.

*MEMORANDUM OPINION AND ORDER*

FRIEDMAN, District Judge.

## I. BACKGROUND

Gregory M. Thomas was an inmate awaiting trial and then sentencing at the Maximum Security Facility in Lorton, Virginia, from February 1993 through November 1993. He brought this civil action in November 1993, alleging sexual abuse and harassment by defendant Sergeant Charles Ingram, a corrections officer at Lorton.

Plaintiff alleges that, in order to coerce Mr. Thomas into engaging in sexual relations with him, Sergeant Ingram forcibly touched or attempted to touch plaintiff's penis on at least two occasions, sexually harassed and intimidated plaintiff, and threatened to, and then did, spread rumors that Mr. Thomas is a homosexual and a "snitch." Plaintiff asserts that Sergeant Ingram told other inmates that plaintiff had testified against his co-defendants in connection with the 30 defendant criminal RICO drug conspiracy conviction for which Mr. Thomas then was awaiting sentencing. In addition, plaintiff claims he suffered emotional distress and feared for his safety when, as a direct result of Sergeant Ingram's statements, he was confronted and threatened by other inmates with bodily harm and further unwanted sexual contact.

Plaintiff claims that he reported Sergeant Ingram's conduct to Lorton medical personnel and prison guards on more than one occasion, but that no action was taken. He also claims that he filed an administrative complaint with David Roach, the Lorton administrator, but that he received no response and no action was taken on his complaint. Plaintiff alleges that the Department of Corrections was aware that Sergeant Ingram did engage and attempt to engage in sexual relations with other inmates and that the District of Columbia failed to take any action to prevent Sergeant Ingram's conduct or to protect plaintiff from Sergeant Ingram.

Mr. Thomas seeks damages from Sergeant Ingram in both his individual and official capacities for willful and malicious violation of plaintiff's Eighth Amendment rights. He seeks relief against the District of Columbia for the violation of his Eighth Amendment rights, for deliberate indifference to the substantial risk of serious harm to him caused by Sergeant Ingram's conduct, for the maintenance of a custom or practice of failing to remedy Sergeant Ingram's conduct, and for failing to properly train and supervise Sergeant Ingram.

Defendants moved to dismiss plaintiff's complaint for failure to state a claim or, in the alternative, for summary judgment. Plaintiff opposed this motion and the Court heard oral argument. The Court denies defendants' motion.

## II. DISCUSSION

### A. *Eighth Amendment Claims*

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). A prisoner claiming that prison officials used excessive physical force in violation of the Eighth Amendment must demonstrate that force was applied maliciously and sadistically to cause harm. *See Hudson v.*

*McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992). Courts considering such claims must make an objective inquiry to determine whether the alleged wrongdoing is sufficiently harmful to establish a constitutional violation, and a subjective inquiry, regarding the prison official's state of mind. *Id.* The objective component of the excessive force inquiry "draws[s] its meaning from the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. at 8, 112 S.Ct. at 1000 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)) (internal quotations and citation omitted).

■ Sexual assault, coercion and harassment of the sort alleged by plaintiff violate contemporary standards of decency and can cause severe physical and psychological harm. *See Women Prisoners of the District of Columbia Dep't of Corrections v. D.C.*, 877 F.Supp. 634, 664–67 (D.D.C.1994); *see Jordan v. Gardner*, 986 F.2d 1521 (9th Cir.1993). Unsolicited sexual touching, harassment, and coercion are "simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, ── U.S. ──, ──, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." *Hudson v. McMillian*, 503 U.S. at 9, 112 S.Ct. at 1000 (internal citations omitted). Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the harassment itself may also be sufficient evidence of a malicious and sadistic state of mind. *See Hudson v. McMillian*, 503 U.S. at 6–7, 112 S.Ct. at 998–99. That is the case here.

■ Despite defendants attempt to minimize the harm allegedly caused by Sergeant Ingram as mere touching and verbal harassment that are insufficient to establish a constitutional claim, plaintiff's allegations amount to much more. Mr. Thomas alleges that a corrections officer responsible for protecting him from harm affirmatively incited other inmates to assault him and, as a direct result of Sergeant Ingram's conduct, plaintiff was placed at grave risk of physical harm by other inmates. *See Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir.1992). In the prison context in which Mr. Thomas was required to live, one can think of few acts that could be more likely to lead to physical injury than spreading rumors of homosexuality and informing on one's co-defendants. In fact, Mr. Thomas alleges that he was physically confronted by and threatened by inmates who had been told by Sergeant Ingram that he was a "snitch." Pl.'s Am. Compl. ¶ 14. Sergeant Ingram's alleged conduct, the physical harm with which Mr. Thomas was threatened, and the psychic injuries that are alleged to have resulted from such unnecessary, cruel and outrageous conduct, are sufficiently harmful to make out an Eighth Amendment excessive force claim. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138–39 (9th Cir.1989); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir.1984); *Jordan v. Gardner*, 986 F.2d at 1525–26; *Wisniewski v. Kennard*, 901 F.2d 1276, 1277 (5th Cir.), *cert. denied*, 498 U.S. 926, 111 S.Ct. 309, 112 L.Ed.2d 262 (1990).

■ Plaintiff has also sufficiently stated a claim against the District of Columbia. The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement and take "reasonable measures to guarantee the safety of inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). This includes the duty " 'to protect prisoners from violence at the hands of other prisoners.' " *Farmer v. Brennan*, ── U.S. at ──, 114 S.Ct. at 1976 (quoting *Cortes–Quinones v. Jimenez–Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823, 109 S.Ct. 68, 102 L.Ed.2d 45 (1988)). A prisoner may state a cognizable claim regarding the conditions of confinement if he can establish that he has been "incarcerated under conditions posing a substantial risk of serious harm" (an objective inquiry) and that a prison official acted with deliberate indifference (a subjective inquiry). *Id.* at ──, 114 S.Ct. at 1977.

■ In this case, plaintiff has alleged that Sergeant Ingram sexually assaulted and ha-

rassed him and told other inmates that he was a homosexual and a "snitch," that incarceration under these conditions posed a substantial risk of serious bodily harm, that prison officials were on notice of Sergeant Ingram's sexual harassment because of Mr. Thomas' complaints of the excessive risk to his safety caused by Sergeant Ingram's conduct, and that prison officials failed to take reasonable measures to guarantee his safety. The absence of proper supervision, training and discipline in such circumstances is enough to demonstrate deliberate indifference and may form the basis of an Eighth Amendment claim. *See Farmer v. Brennan,* — U.S. at ——, ——, 114 S.Ct. at 1979, 1981.

■ The Court concludes that plaintiff's allegations, which must be assumed to be true for the purposes of this motion, are sufficient to state a claim for relief against both Sergeant Ingram and the District of Columbia.

### B. *Municipal Liability*

■ Defendants contend that the District of Columbia cannot be held liable for Sergeant Ingram's alleged conduct because plaintiff cannot demonstrate the existence of an unconstitutional custom or practice of the District of Columbia, as required by *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and because Sergeant Ingram himself did not have policymaking authority. While the law is clear that a plaintiff cannot hold a municipality liable solely on the basis of *respondeat superior,* a widespread practice or custom, even an informal one, can meet *Monell's* standard for the imposition of municipal liability. *See Monell v. Department of Social*

*Services,* 436 U.S. at 690–91, 98 S.Ct. at 2035–36.

■ Defendants argue that there is no practice or custom of permitting sexual harassment or assault because District of Columbia regulations expressly prohibit intimate relations between prison guards and inmates.[1] This argument misses the point. While the regulations may exist, violations of them, or a pattern of such violations, may themselves be a practice or custom. The District of Columbia is not off the hook merely because regulations exist. Even if the conduct is otherwise prohibited, the failure of the District of Columbia to safeguard against known unconstitutional conduct may amount to a tacit approval of the conduct. *See Women Prisoners of the District of Columbia Dep't of Corrections v. D.C.,* 877 F.Supp. at 662; *Haynesworth v. Miller,* 820 F.2d 1245, 1258 (D.C.Cir.1987).

■ The amended complaint alleges "a pattern or practice ... by defendant District of Columbia of failing to take action to correct or remedy the unlawful conduct of defendant Ingram" and "a custom or practice of defendant District of Columbia of failing to properly train or supervise defendant Ingram." Pl.'s Am.Compl. ¶ 21; *see also* ¶¶ 24–27. It details plaintiff's repeated complaints to prison officials, including the Lorton Administrator, and the lack of any response or action. Pl.'s Am.Compl. ¶¶ 16–21. Taking plaintiff's allegations as true, as the Court must on a motion to dismiss, plaintiff has alleged that prison officials were both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists ..." and conscious of the risk of harm. *Farmer v. Brennan,* — U.S.

---

1. Under Rule 12(b), Fed.R.Civ.P., the Court has discretion not to accept matters outside the pleadings presented by any party in conjunction with a Rule 12(b)(6) motion, particularly where the proffered material and the conversion from a motion to dismiss to one for summary judgment will not facilitate the disposition of the action. *See Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 193 n. 3 (5th Cir.), *cert. denied,* 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988).

The extra-pleading materials submitted by the defendants in this case are a copy of the D.C.

Department of Corrections Departmental Order prohibiting intimate relations between prison staff and inmates and a Statement of Material Facts as to Which There is No Genuine Dispute. The Departmental Order does not help the Court determine whether there is a genuine dispute of material fact. In this case it therefore would not be appropriate to cast defendants' motion as one for summary judgment. Accordingly, the motion will be treated as a motion to dismiss under Rule 12(b). *See Best v. District of Columbia,* 743 F.Supp. 44, 45 (D.D.C.1990).

**6**

at ——, ——, 114 S.Ct. at 1979, 1981.[2] The absence of proper supervision, training and discipline in such circumstances is objectively unreasonable and may demonstrate deliberate indifference. These facts, if proven, could sustain a finding of liability on the part of the District of Columbia. *Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Haynesworth v. Miller,* 820 F.2d at 1262–63. The Court concludes that plaintiff's allegations are sufficient to state a claim for relief against the District of Columbia.

### C. Qualified Immunity

 Officials like Sergeant Ingram are entitled to qualified immunity from civil damage claims for constitutional and statutory violations asserted against them in their personal capacity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Under *Harlow,* this reasonableness determination requires an objective, not a subjective, analysis, *McSurely v. McClellan,* 697 F.2d 309, 316 (D.C.Cir.1982), and the plaintiff has the burden of showing "a *prima facie* case of defendants' knowledge of impropriety, actual or constructive." *Krohn v. United States,* 742 F.2d 24, 31 (1st Cir.1984); *see Hunter v. District of Columbia,* 943 F.2d 69, 75 (D.C.Cir.1991). Thus, under *Harlow,* subjective inquiries into the state of mind of the defendants are irrelevant; the only appropriate inquiry is whether on an objective analysis a reasonable person would conclude that a defendant's alleged actions violated clearly established law or were objectively unreasonable. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985); *Brogsdale v. Barry,* 926 F.2d 1184 (D.C.Cir.1991).

 In this case, the Court concludes that plaintiff has met his *prima facie* burden of establishing that Sergeant Ingram is not entitled to immunity from plaintiff's claims

against him in his individual capacity. The complaint alleges that Sergeant Ingram threatened, coerced and attempted to force an inmate to engage in sexual relations with him. The Court concludes that a trier of fact could conclude that any reasonable prison official would have known that to try to force an unwanted and prohibited sexual act on an inmate is objectively unreasonable and in violation of the inmate's rights. *See Gullatte v. Potts,* 654 F.2d 1007, 1014–15 (5th Cir. 1981); *Women Prisoners of the District of Columbia Dep't of Corrections v. D.C.,* 877 F.Supp. at 664–67. Sergeant Ingram is not entitled to qualified immunity.

Accordingly, upon full consideration of the papers filed by the parties and the arguments of counsel, and for the reasons stated in this Memorandum Opinion, it is hereby

ORDERED that defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment is DENIED; and it is

FURTHER ORDERED that further proceedings in this action will be scheduled by separate order of the Court.

SO ORDERED.

---

2. In considering a motion to dismiss, the Court must assume the truth of the factual allegations of the complaint and liberally construe them in favor of the plaintiff. *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The Court may dismiss the complaint for failure to state a claim only if it appears that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Summit Health, Ltd. v. Pinhas,* 500 U.S. 322, 325, 111 S.Ct. 1842, 1844, 114 L.Ed.2d 366 (1991); *Martin v. Ezeagu,* 816 F.Supp. 20, 23 (D.D.C. 1993).