**Bobby E. HAZEL, Plaintiff,**

**v.**

**Janet RENO, et al., Defendants.**

**No. Civ.A. 98–00600(CKK).**

United States District Court,
District of Columbia.

June 8, 1998.

Bobby Hazel, White Deer, PA, pro se.

Nancy R. Page, Assistant United States Attorney, Washington, DC, for Defendants.

## MEMORANDUM OPINION

KOLLAR–KOTELLY, District Judge.

Plaintiff Bobby E. Hazel, proceeding *pro se* and *in forma pauperis,* is serving a life sentence for murdering a fellow inmate while he was imprisoned at the Lorton Reformatory. Having failed twice to persuade the United States Court of Appeals for the Fourth Circuit that his conviction was improper, *see United States v. Hazel,* 131 F.3d 137 (4th Cir.1997) (per curiam) (affirming district court's order that denied Hazel's motion under 28 U.S.C. § 2255), *cert. denied,* —— U.S. ——, 118 S.Ct. 1402, 140 L.Ed.2d 659 (1998); *United States v. Hazel,* 33 F.3d 53 (4th Cir.1994) (per curiam) (affirming conviction on direct appeal), *cert. denied,* 514 U.S. 1015, 115 S.Ct. 1356, 131 L.Ed.2d 214 (1995), Hazel now brings suit in this Court to recover monetary damages for what he alleges to have been an "extra-judiciary [*sic*] conspiracy" between the Assistant United States Attorneys who prosecuted him and the lawyers appointed to represent him. *See* Am.Compl. ¶ 7. Pending before the Court are Defendants' Motion for Screening for Dismissal made pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A and Plaintiff's Opposition thereto. Having considered the pleadings and governing law, the Court concludes that Plaintiff's action, barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), is frivolous and warrants dismissal.

## I. BACKGROUND

On February 11, 1993, a federal grand jury sitting in the Eastern District of Virginia returned an indictment that charged Hazel with one count of first-degree murder, 18 U.S.C. § 1111, and one count of possession of a dangerous weapon, 18 U.S.C. § 13 (assimilating VA.CODE ANN. § 52.1–203(4)). At trial, the evidence indicated that Hazel and another individual, both serving prison sentences at the Lorton Reformatory, conspired to stab a fellow inmate named Gregory Ford. After the jury found Hazel guilty of first-degree murder and possession of a dangerous weapon, the district court sentenced him to life imprisonment. The Fourth Circuit affirmed Hazel's conviction on both collateral and direct appeal. *See United States v. Hazel,* 131 F.3d 137 (4th Cir.1997) (per curiam), *cert. denied,* —— U.S. ——, 118 S.Ct. 1402, 140 L.Ed.2d 659 (1998); *United States v. Hazel,* 33 F.3d 53 (4th Cir.1994) (per curiam), *cert. denied,* 514 U.S. 1015, 115 S.Ct. 1356, 131 L.Ed.2d 214 (1995).

In the present action, Hazel seeks in compensatory damages $10 million from Attorney General Janet Reno, $1 million each from three Assistant United States Attorneys who prosecuted him, and $1 million each from two of his former attorneys and an additional $1 million in punitive damages from each defendant. The Complaint and Amended Complaint,[1] when construed liberally, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Henthorn v. Department of Navy,* 29 F.3d 682, 684 (D.C.Cir.1994), essentially allege that Hazel's defense counsel participated in an "extra-judiciary [*sic*] conspiracy" with prosecutors from the United States Attorney's Office to fabricate inculpating evidence, suppress exculpatory evidence, and prevent alibi witnesses from testifying at trial. *See, e.g.,* Am.Compl. ¶¶ 7, 10. Claiming that this putative conspiracy violated his Fifth, Sixth, and Fourteenth Amendment rights, Plaintiff predicates his multi-million dollar claims for damages on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), 42 U.S.C. §§ 1983, 1985(2), and 1986.[2]

---

1. Plaintiff filed a Motion To Amend Complaint on March 30, 1998. Because no Defendant had served a responsive pleading at that point, Plaintiff had a right to amend his Complaint "as a matter of course." FED.R.CIV.P. 15(a). It appears, however, that rather than submit a new complaint that incorporated both old and new provisions, Plaintiff attempted simply to supplement his original Complaint with additional allegations. Therefore, the Court has read both the Complaint and the Amended Complaint in tandem.

2. In his Complaint, Plaintiff does not identify any specific basis to maintain this action. Nonetheless, the Court understands Hazel's allegations as

## II. DISCUSSION

### A. *Congress has mandated that district courts shall dismiss frivolous lawsuits brought by litigants proceeding in forma pauperis.*

■ Originally enacted in 1892, the federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *See Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342–43, 69 S.Ct. 85, 93 L.Ed. 43 (1948). Cognizant, however, that litigants who are able to prosecute actions at the expense of the public may lack economic disincentives from filing frivolous and malicious lawsuits, Congress vested district courts with discretion to dismiss *sua sponte* frivolous suits brought by plaintiffs proceeding *in forma pauperis.* In passing the Prison Litigation Reform Act of 1996 ("PLRA"), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321, Congress stripped the federal courts of the discretion that they previously enjoyed. Now, governing law mandates that the "court *shall* dismiss the case at any time if the court determines that ... the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added). Thus, a frivolous complaint—one that "lacks an arguable basis either in law or in fact"—must be dismissed pursuant to § 1915(e)(2)(B)(i). *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### B. *Plaintiff's Complaint must be dismissed as frivolous because he may not bring a civil suit to recover damages for harm caused by actions whose unlawfulness would render his first-degree murder conviction invalid.*

■ In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that one who has been convicted of a crime may not ordinarily recover damages pursuant to 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." *Id.* at 486, 114 S.Ct. 2364.

The only qualification to this otherwise broad prohibition is if the plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87, 114 S.Ct. 2364. From this rule emerges the following directive: "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487, 114 S.Ct. 2364.

Although *Heck,* on its face, addresses only actions brought under § 1983, the United States Court of Appeals for the District of Columbia Circuit has expanded the contours of *Heck* to reach § 1983's federal analog, the *Bivens* claim. *See Williams v. Hill,* 74 F.3d 1339, 1340–41 (D.C.Cir.1996) (per curiam); *see also Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir.1995) (per curiam) (extending *Heck* to *Bivens* actions); *Tavarez v. Reno,* 54 F.3d 109 (2d Cir.1995) (per curiam) (same); *Stephenson v. Reno,* 28 F.3d 26 (5th Cir.1994) (per curiam) (same). In *Williams,* the plaintiff alleged a conspiracy to violate his Fourth, Sixth, and Eighth Amendment rights among two prosecutors, a Secret Service agent, three of his court-appointed attorneys, and others associated with his criminal conviction. *See Williams,* 74 F.3d at 1340. Although the plaintiff purported to sue under statutory provisions as disparate as 42 U.S.C. § 1985(3), the Racketeer Influenced and Corrupt Organizations Act, and the mail and wire-fraud statutes, this Circuit found that the plaintiff did not "claim any injury apart from the fact of his conviction, and he consistently characterize[d] the underlying events as acts in furtherance of the alleged conspiracy to convict him." *Id.* Finding that the broad rationale of *Heck* militated against

---

*Bivens* claims. In his opposition to the Defendants' Motion for Screening for Dismissal, Hazel argues that his Complaint states valid causes of

action pursuant to 42 U.S.C. §§ 1985(2)–(3) and 1986.

cabining its holding to only § 1983 actions, the court concluded that

> *Heck* does not rest on statutory language, legislative history, comity, or any other consideration unique to actions under 42 U.S.C. § 1983. It rests instead on the need for finality of criminal convictions and on the analogy between actions under § 1983 and the common law of malicious prosecution, which barred the suit unless the criminal prosecution ended in the plaintiff's favor.

*Id.*

■ Like the plaintiff in *Williams,* Hazel claims no injury distinct from his conviction. The "extra-judiciary [*sic*] conspiracy" that Hazel envisions and the specific overt acts that allegedly furthered the conspiracy all center on the validity of his conviction. Were judgment to be granted in Hazel's favor in the case at bar, it "would necessarily imply the invalidity of his conviction." *Heck,* 512 U.S. at 487, 114 S.Ct. 2364. Accordingly, the "complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Yet the Fourth Circuit twice has affirmed the validity of Hazel's conviction, and twice the Supreme Court has declined to grant certiorari. *See United States v. Hazel,* 131 F.3d 137 (4th Cir.1997) (per curiam), *cert. denied,* —— U.S. ——, 118 S.Ct. 1402, 140 L.Ed.2d 659 (1998); *United States v. Hazel,* 33 F.3d 53 (4th Cir.1994) (per curiam), *cert. denied,* 514 U.S. 1015, 115 S.Ct. 1356, 131 L.Ed.2d 214 (1995). Therefore, "[b]ecause he was found guilty and because the verdicts have not been set aside, [Hazel] cannot recover damages for the actions of those who allegedly brought about his conviction[ ]." *Williams,* 74 F.3d at 1341.

Nor does it matter that Hazel purports to sue under 42 U.S.C. §§ 1985(2)–(3) and 1986. First, the plaintiff in *Williams* also sought to avoid *Heck*'s preclusive rule by invoking § 1985. Yet both the district court and the court of appeals applied *Heck* because the case, in part, "rests ... on the need for finality of criminal convictions." *Williams,* 74 F.3d at 1340. Obviously, to permit Hazel to prosecute this civil action would merely vest him with yet one more collateral opportunity to impugn the legitimacy of his conviction. By applying *Heck* to the present case, the Court does not undermine the important "need for finality of criminal convictions." Second, the *Williams* court found that, notwithstanding the plaintiff's attempt to rely on § 1985(3) and other federal statutes, *Heck* mandated dismissal because Williams did not "claim any injury apart from the fact of his conviction, and he consistently characterize[d] the underlying events as acts in furtherance of the alleged conspiracy to convict him." *Id.* Here, as in *Williams,* the plaintiff's sole injury for which he seeks compensation is his conviction—allegedly procured through an illegal conspiracy between all of the Defendants.

■ Where, as here, a Complaint is barred by *Heck,* it is appropriate—if not mandatory—for the district court to dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) "because the plaintiff's action has been shown to be legally frivolous." *Williams v. Hill,* 878 F.Supp. 269, 271 (D.D.C.1995) (quoting *Boyd v. Biggers,* 31 F.3d 279, 283 (5th Cir.1994)), *aff'd,* 74 F.3d 1339 (D.C.Cir.1996); *cf. Best v. Kelly,* 39 F.3d 328, 331 n. 4 (D.C.Cir.1994) ("In cases filed *in forma pauperis,* 28 U.S.C. § 1915(d) [amended as § 1915(c)(2) ] authorizes district courts to dismiss *sua sponte* complaints presenting 'indisputably meritless legal theor[ies]'" (quoting *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989))).[3]

---

**3.** Moreover, Hazel's claims against the Assistant United States Attorneys who prosecuted him should also be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii), which instructs a district court to dismiss an *in forma pauperis* complaint that "seeks monetary relief against a defendant who is immune from such relief." *Id.* It is well settled that prosecutors enjoy absolute immunity from damages actions based on their official prosecutorial duties. *See Imbler v. Pachtman,* 424 U.S. 409, 427–28, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Not to be narrowly construed, absolute immunity insulates prosecutors from suits despite allegations of knowingly using false testimony, suppressing material exculpatory evidence at trial, and knowingly failing to disclose *Brady* material before trial. *See Moore v. Valder,* 65 F.3d 189, 194 (D.C.Cir.1995).

### III. CONCLUSION

For the foregoing reasons, the Court shall dismiss Plaintiff's Complaint against all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). An Order accompanies this Memorandum Opinion.

### ORDER

For the reasons expressed in the accompanying Memorandum Opinion, it is, this 6 day of June 1998, hereby

**ORDERED** that Defendant's Motion for Screening for Dismissal [# 13] shall be, and hereby is, **GRANTED;** and it is

**FURTHER ORDERED** that Plaintiff's Complaint shall be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and it is

**FURTHER ORDERED** that all extant motions shall be, and hereby are, declared **MOOT.**

**SO ORDERED.**