**Merdice MINIFIELD, Plaintiff,**

v.

**Jason BUTIKOFER, et al., Defendants.**

**No. C 02–0727 JSW.**

United States District Court,
N.D. California.

Jan. 7, 2004.

---

Merdice Minifield, Soledad, CA, Pro se.

G. Michael German, Attorney General's Office, Department of Justice, San Diego, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

WHITE, District Judge.

### INTRODUCTION

Plaintiff, a prisoner at Salinas Valley State Prison, filed a pro se civil rights

complaint for damages under 42 U.S.C. § 1983. Judge William H. Alsup found Plaintiff's claims met the initial review standard under 28 U.S.C. § 1915A and ordered the complaint served (docket no. 6). On April 25, 2003, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (docket no. 18). Thereafter, Plaintiff filed a motion for an extension of the time to file an opposition (docket no. 20), which was granted by the Court (docket no. 21). Plaintiff was given until September 1, 2003 to file an opposition to Defendants' motion. However, no opposition has been filed by Plaintiff. The motion is now deemed submitted.

### STATEMENT OF FACTS

For purposes of this order, the Court takes as true the following allegations made by Plaintiff in his complaint: On March 16, 2000, Plaintiff was housed in his cell when Defendant Butikofer unzipped his clothing and told Plaintiff to grab his penis. When Plaintiff refused, Butikofer walked away laughing. Two days later, Butikofer did the same thing and brushed against Plaintiff's arm before walking away laughing. Plaintiff also contends that on March 27, 2000, Butikofer was responsible for turning off water and power for a cell extraction in an adjoining cell that resulted in Plaintiff's ventilation and water being turned off for a period of five hours.

Plaintiff also alleges that on September 27, 2000, he observed Officer Cook holding a candy bar towards his genital area, flipping it up and down. When Plaintiff asked Cook if this action was directed at him, Cook responded, "I don't kiss and tell." Plaintiff does not allege that either Defendant ever exposed his genitals or touched Plaintiff in a sexual manner.

An earlier case of Plaintiff's involving the same allegations was dismissed by Judge William Alsup for failure to exhaust state remedies (C 00–2220 WHA (PR), *Minifield v. Butikofer*). After dismissal of that suit, Plaintiff attempted to file administrative grievances. However, these grievances were rejected as untimely.

Plaintiff alleges that the conduct of Defendants violates his constitutional rights, although the complaint does not specify which right was allegedly violated. He seeks monetary damages.

### ANALYSIS

I *Motion to Dismiss*

Defendants move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedures on the ground that it fails to state a claim upon which relief may be granted.[1]

A. *Standard of Review*

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1483 (9th Cir.1995). " '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

---

1. Defendants also move to dismiss Plaintiff's claims for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) and based on the qualified immunity of both Defendants. Because the Court finds that Plaintiff's allegations fail to state a claim for relief, it does not reach the exhaustion issue or the issue of whether Defendants are entitled to qualified immunity. *See* 42 U.S.C. § 1997e(c)(2) (if the court determines that a claim is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief, the claim may be dismissed without first requiring exhaustion).

him to relief.'" *Terracom v. Valley National Bank,* 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987).

Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington,* 51 F.3d at 1484. But conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim, *McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir.1994).

Review is limited to the contents of the complaint, *Clegg,* 18 F.3d at 754–55, including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested, *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001).

## B. *Eighth Amendment Claims*

Plaintiff alleges that the comments of Butikofer and Cook directed to him amounted to sexual harassment. Although Plaintiff did not allege what constitutional right was violated by Defendants' behavior, Judge Alsup found that liberally construed the complaint alleged a violation of the Eighth Amendment. Plaintiff also complains of the water and ventilation in his cell being turned off for a period of 5 hours by Butikofer.

## 1. *Claims of sexual misconduct and harassment*

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *Freeman v. Arpaio,* 125 F.3d 732, 738 (9th Cir.1997); *see, e.g., Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996), *amended,* 135 F.3d 1318 (9th Cir.1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir.1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston,* 791 F.2d 97, 99 (8th Cir.1986) ("mere words, without more, do not invade a federally protected right"). Allegations of mere threats also are not cognizable under § 1983. *See Gaut v. Sunn,* 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment only if the alleged harassment was sufficiently harmful, that is, a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *Thomas v. District of Columbia,* 887 F.Supp. 1, 3–4 (D.D.C.1995) (citing *Hudson v. McMillian,* 503 U.S. 1, 6, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)) (internal quotations and citation omitted).

When taken as true, Plaintiff's allegations do not establish conduct implicated by the Eighth Amendment. *Cf. Hudson v. Palmer,* 468 U.S. 517, 528–30, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (malicious cell searches and calculated harassment unrelated to prison needs may implicate Eighth Amendment's protection against cruel and unusual punishment); *Valandingham v.*

*Bojorquez,* 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody); *Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir.1981) (harassment with regards to medical problems cognizable if it constitutes deliberate indifference); *see also Watson v. Jones,* 980 F.2d 1165, 1165–66 (8th Cir.1992) (finding Eighth Amendment claim where correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus); *Burton,* 791 F.2d at 100–01 (drawing gun and terrorizing prisoner with threats of death while using racially offensive language presents cognizable claim). Although the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later to be in violation of the constitution. *Schwenk v. Hartford,* 204 F.3d 1187, 1198 (9th Cir. 2000).

### 2. *Lack of adequate ventilation and water*

█ Plaintiff has alleged that Butikofer deprived him of adequate ventilation and water by turning off these systems during a cell extraction in his unit of the facility. Plaintiff contends that Butikofer was responsible, as he was "the last one that entered the chase." Plaintiff maintains that he was able to get another officer to return his water and electrical power within 5 hours of it being turned off.

█ Ventilation is a fundamental attribute of "shelter" and "sanitation," both of which are basic Eighth Amendment concerns. *See Toussaint v. McCarthy,* 597 F.Supp. 1388, 1409 & n. 39 (N.D.Cal.1984). Inadequate ventilation and air flow violates the Eighth Amendment if it " 'undermines the health of inmates and the sanitation of the penitentiary.' " *Keenan v. Hall,* 83 F.3d 1083, 1090 (9th Cir.1996), *amended,* 135 F.3d 1318 (9th Cir.1998) (*quoting Hoptowit v. Spellman,* 753 F.2d 779, 784 (9th Cir.1985.))

█ Further, adequate water is also an Eighth Amendment concern. Water that is foul would be inadequate to maintain health. *See Keenan,* 83 F.3d at 1091. To sustain such an Eighth Amendment claim, the Plaintiff must prove a denial of the "minimum civilized measure of life's necessities" *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Plaintiff must further prove that the deprivation occurred as a result of the deliberate indifference of prison officials. *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

In this case, Plaintiff has failed to establish that the five hour deprivation of water and ventilation rises to the level of an Eighth Amendment violation. Although Plaintiff asserts that Butikofer is responsible for this deprivation, he has failed to offer any evidence to support this assertion. However, even if he were able to establish Butikofer's intent, the deprivation of ventilation and water for such a short period of time does not amount to a violation of Plaintiff's constitutional rights.

### 3. *Physical injury requirement*

█ Defendants also argue that Plaintiff's Eighth Amendment claim cannot go forward because his allegations do not meet the physical injury requirement. "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Failure to al-

lege and establish an appropriate physical injury is ground for dismissal, *see Zehner v. Trigg,* 952 F.Supp. 1318, 1321–35 (S.D.Ind.) (dismissing action for damages because no plaintiff developed physical injury by exposure to asbestos while in prison), *aff'd,* 133 F.3d 459 (7th Cir.1997). The qualifying physical injury need not be significant, but it must be more than de minimis. *Oliver v. Keller,* 289 F.3d 623, 627–29 (9th Cir.2002) Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as a prior showing of physical injury. *Davis v. District of Columbia,* 158 F.3d 1342, 1349 (D.C.Cir.1998).

Plaintiff does not make specific allegations regarding the injuries suffered from Defendants' conduct. Nowhere in his complaint does Plaintiff reference, describe or suggest any physical injury inflicted on him by any Defendant, and conclusory allegations are insufficient to withstand a motion to dismiss. Section 1997e(e) by its terms requires a showing of some prior physical injury, which Plaintiff does not establish.

4. *Conclusion*

Plaintiff has failed to state a claim upon which relief may be granted for the violation of his Eighth Amendment rights. Accordingly, Defendants' motion to dismiss this claim is GRANTED.

## CONCLUSION

For the foregoing reasons and for good cause shown, Defendants' motion to dismiss Plaintiff's Eighth Amendment claims is GRANTED (docket no. 12). The Clerk of Court shall enter judgment and close the file.

IT IS SO ORDERED.