John K. ROBINSON, Plaintiff,

v.

John ASHCROFT, et al., Defendants.

No. CIV.A.03–2423(RJL).

United States District Court, District of Columbia.

July 26, 2004.

John K. Robinson, Taft, CA, pro se.

Derek Ludwin, Covington & Burling, Paul A. Kaplan, Womble, Carlyle, Sandridge & Rice PLLC, Washington, DC, for Defendants.

### *MEMORANDUM OPINION*

LEON, District Judge.

Plaintiff, a federal inmate at Taft Correctional Institution, Taft, California, has filed a 114–page complaint against numerous defendants pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Defendant Barbara Ann C. Fears has filed a motion to dismiss. Because the Court concludes that it lacks personal jurisdiction over these defendant Fears and that plaintiff's claims are barred by the decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the motion to dismiss will be granted.

### Allegations in Complaint

On August 17, 1999, in the United States District Court for the Eastern District of Missouri, plaintiff was found guilty by jury verdict on 27 counts of an indictment. Complaint ("Compl."), ¶¶ 44, 47, 48. Plaintiff was sentenced by the district court to 87 months imprisonment and three years of supervised release on November 5, 1999. *Id.,* ¶ 54. Plaintiff was designated to Taft Correctional Institution to serve his sentence. *Id.,* ¶ 57. The United States Court of Appeals for the Eighth Circuit affirmed plaintiff's convictions on December 11, 2000. *Id.,* ¶ 61. Plaintiff's petition for rehearing was denied by the Eighth Circuit on February 21, 2001. *Id.,* ¶ 62.

Plaintiff then filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California. *Id.,* ¶ 63. The district court

dismissed the petition on November 21, 2001 and did not issue a certificate of appealability. *Id.*, ¶¶ 67–69. The United States Court of Appeals for the Ninth Circuit denied relief due to the absence of a certificate of appealability. *Id.*, ¶¶ 70–71.

Defendant Fears is an attorney whose business office is located in Saint Louis, Missouri. *Id.*, ¶ 29. She was appointed by the court to represent plaintiff in the direct appeal of his criminal convictions. *Id.* Plaintiff alleges that defendant Fears filed an appellate brief and appeared for oral argument without consultation or communication with plaintiff. *Id.*, ¶ 59. In addition, plaintiff claims defendant Fears failed to recuse herself from representing him, resulting in sabotage and abandonment. *Id.*, ¶ 89.

## Standard of Review

Defendants move to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.[1] A party's *pro se* pleadings are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(per curiam); *United States v. Palmer*, 296 F.3d 1135, 1143 (D.C.Cir.2002). In reviewing the sufficiency of a complaint under Rule 12 of the Federal Rules of Civil Procedure, the court must consider the facts presented in the pleadings as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *Moore v. United States*, 213 F.3d 705, 713 n. 7 (D.C.Cir.), *cert. denied*, 531 U.S. 978, 121 S.Ct. 426, 148 L.Ed.2d 434 (2000). The court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if it appears that the plaintiff can prove no set of facts

in support of his claim that would warrant relief. Fed.R.Civ.P. 12(b)(6); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994); *Thomas v. District of Columbia*, 887 F.Supp. 1, 5 n. 2 (D.D.C.1995).

Plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34, 42 (D.D.C.2003). In order to meet his burden, plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. *Id.* Furthermore, plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *Id.* In deciding a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the court need not treat plaintiff's allegations as true. *Id.* Rather, the court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination. *Id.*

## Analysis

The District of Columbia long-arm statute, D.C.Code § 13–423, is the only basis upon which personal jurisdiction may be exercised over defendants who do not reside within or maintain a place of business in the District of Columbia. *Reuber v. United States*, 750 F.2d 1039, 1040 (D.C.Cir.1984); *Robertson v. Merola*, 895 F.Supp. 1, 3 (D.D.C.1995). The District of Columbia long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omis-

1. Defendant Fears has also moved to dismiss for improper venue and lack of subject matter jurisdiction, but given the Court's disposition of the other bases for dismissal, there is no need to reach the merits of these grounds.

sion in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C.Code § 13–423(a)(1)–(4).

■ For there to be personal jurisdiction under the long-arm statute, plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum. *See, e.g., Cellutech v. Centennial Cellular Corp.,* 871 F.Supp. 46, 48 (D.D.C.1994). At the very least, plaintiff must allege a tortious injury in the District of Columbia even if the act causing the injury took place elsewhere. D.C.Code § 13–423(a)(4). *See Crane v. Carr,* 814 F.2d 758, 762–63 (D.C.Cir.1987); *Blumenthal v. Drudge,* 992 F.Supp. 44, 53–54 (D.D.C.1998).

■ According to the complaint, defendant Fears is an attorney whose office is located in Saint Louis, Missouri. *See* Compl., ¶ 29. Plaintiff has made no allegation that defendant resides in or maintains a place of business in the District of Columbia. In addition, none of the tortious acts alleged by plaintiff occurred in the District of Columbia. And plaintiff has not alleged that a tortious injury resulted from any actions of the defendant that occurred in this jurisdiction. This Court therefore lacks jurisdiction over defendant Fears.

Defendant Fears also moves for dismissal of the claims against them on the ground that plaintiff is essentially challenging the legality of his conviction and imprisonment. Such a claim, defendant correctly maintains, cannot be sustained unless and until the relevant conviction is overturned. A prisoner cannot recover damages for "harm caused by actions whose unlawfulness would render [his]

conviction or sentence invalid" unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. This principle applies whenever plaintiff's success on the merits would implicitly question the validity of the conviction or the duration of the sentence. *Id.* at 487, 114 S.Ct. 2364; *see also Muhammad v. Close,* 540 U.S. 749, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004)(per curiam).

Although the *Heck* case involved the application of § 1983 actions, its holding is not limited to that type of case alone. *Heck* applies equally to claims against federal officials in *Bivens* actions. *Williams v. Hill,* 74 F.3d 1339, 1340 (D.C.Cir.1996). In fact, a plaintiff's reliance on any other federal statute will be precluded by *Heck* if the sole injury for which plaintiff seeks redress is his conviction. *See id.; Hazel v. Reno,* 20 F.Supp.2d 21, 23 (D.D.C.1998).

■ Plaintiff's claim against defendant Fears is essentially that she deprived him of the effective assistance of counsel through lack of communication, sabotage, and abandonment. The result of a finding of ineffective assistance of counsel would be a reversal of plaintiff's conviction. *See Kimmelman v. Morrison,* 477 U.S. 365, 392, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If plaintiff's allegations against defendant were sustained, his conviction and sentence would necessarily be rendered invalid. Plaintiff does not allege that his conviction or sentence has been reversed, expunged, declared invalid or called into question. His complaint, therefore, fails to state a claim upon which relief can be granted and must be

dismissed. *See Edwards v. Balisok,* 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Hazel,* 20 F.Supp.2d at 24.

## Conclusion

For the reasons stated above, the Court finds that it lacks personal jurisdiction over defendant Fears and that plaintiff fails to state a valid claim against the defendant. Therefore, the Court will grant the defendant's motion to dismiss.