**Robert L. WILLIAMS, Appellant**

v.

**Leo C. HILL, et al., Appellees.**

**No. 95–5119.**

United States Court of Appeals,
District of Columbia Circuit.

Feb. 6, 1996.

Robert L. Williams, pro se.

Eric H. Holder, Jr., United States Attorney, R. Craig Lawrence and W. Mark Nebeker, Assistant United States Attorneys, Washington, DC, were on the motion for summary affirmance, for appellees.

Before: SILBERMAN, GINSBURG, and RANDOLPH, Circuit Judges.

Opinion for the court filed PER CURIAM.

## ON MOTION FOR SUMMARY AFFIRMANCE

PER CURIAM:

After Robert L. Williams was convicted of bank fraud and witness tampering, he sued the two prosecutors, a Secret Service agent, three of his court-appointed attorneys, the probation officer who apparently prepared his presentence report, the court reporter who prepared the transcripts of his trial, the Attorney General, and the Secretary of the Treasury. These individuals, Williams alleged in his *pro se* complaint, conspired to violate his Fourth, Sixth, and Eighth Amendment rights and committed criminal offenses. Charitably construed, Williams' complaint, as amended, stated a claim against the defendants in their official capacities for declaratory and injunctive relief; a claim for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against the defendants in their individual capacities; and a claim for damages against the defendants in their official capacities. The district court dismissed the amended complaint.

Williams says he is not challenging his conviction but his amended complaint does exactly that. He alleges that there was an illegal conspiracy to convict him. Although he couches some allegations in terms of libel or as violations of the Racketeer Influenced and Corrupt Organizations Act, the mail and wire fraud statutes, 42 U.S.C. § 1985(3), and his privacy interests under the Fourth Amendment, he does not claim any injury apart from the fact of his conviction, and he consistently characterizes the underlying events as acts in furtherance of the alleged conspiracy to convict him.

■ As to Williams' claim for injunctive and declaratory relief, it is well-settled that a prisoner seeking relief from his conviction or sentence may not bring such an action. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Chatman–Bey v. Thornburgh,* 864 F.2d 804, 808–10 (D.C.Cir.1988) (en banc).

■ As to Williams' claims under *Bivens,* these too are barred. *Heck v. Humphrey,* — U.S. —, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), held that a criminal defendant may not recover damages under 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." — U.S. at —, 114 S.Ct. at 2372. The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions. The "bodies of law relating to the two forms of litigation [42 U.S.C. § 1983 and *Bivens* ] have been assimilated in most ... respects." *Doe v. District of Columbia,* 697 F.2d 1115, 1123 (D.C.Cir. 1983). *Heck* does not rest on statutory language, legislative history, comity, or any other consideration unique to actions under 42 U.S.C. § 1983. It rests instead on the need for finality of criminal convictions and on the analogy between actions under § 1983 and the common law of malicious prosecution, which barred the suit unless the criminal prosecution ended in the plaintiff's favor. — U.S. at ———, 114 S.Ct. at 2370–72. In these respects there is no basis for distinguishing the statutory cause of action against state officers and the judicially-devised cause of action against federal offi-

cials. We therefore join the other courts of appeals that have addressed the issue, and hold that *Heck* applies to *Bivens* actions. *See Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir.1995) (per curiam); *Tavarez v. Reno,* 54 F.3d 109 (2d Cir.1995) (per curiam); *Stephenson v. Reno,* 28 F.3d 26 (5th Cir. 1994) (per curiam). Because he was found guilty and because the verdicts have not been set aside, Williams cannot recover damages for the actions of those who allegedly brought about his convictions.

■ As to Williams' claim for damages from defendants acting in their official capacities, *Heck* also bars that claim, as does sovereign immunity. *Clark v. Library of Congress,* 750 F.2d 89, 103 (D.C.Cir.1984).

The motion for summary affirmance is therefore granted and the judgment of the district court is affirmed.