101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jack D. LIFFITON, Plaintiff-Appellant,
v.
Glen REUKAUF, Joseph Coyne, Defendants-Appellees.
 No. 95-6380.
 United States Court of Appeals, Second Circuit.
 April 11, 1996.
 
 Appearing for Appellant: Jack D. Liffiton pro se, Getzville, N.Y.
 Appearing for Appellee: Gail Y. Mitchell, Ass't U.S. Att'y, WDNY, Buffalo, N.Y.
 W.D.N.Y.
 AFFIRMED.
 Before KEARSE, ALTIMARI and JACOBS, Circuit Judges.
 
 
 1
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed substantially for the reasons stated in Judge Curtin's opinion dated July 24, 1995. We note also that a plaintiff pursuing a Bivens claim must show not only that the challenged conduct was unlawful but also that it caused him compensable injury; conviction and punishment does not constitute such injury unless and until the conviction has been overturned or called into question by a habeas court. See Heck v. Humphrey, 114 S.Ct. 2364, 2372-73 & n. 7 (1994); Williams v. Hill, 74 F.3d 1339, 1341 (D.C.Cir.1996). Since Liffiton did not allege any injury other than his conviction and imprisonment, and his conviction has not been invalidated or otherwise judicially called into question, his complaint was properly dismissed.
 
 
 2
 We have considered all of Liffiton's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.