98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George KILLIAN, Plaintiff-Appellant,
v.
CITY OF RIVERVIEW, et al., Defendants-Appellees.
 No. 96-1052.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: LIVELY, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 George Killian, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1988. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Killian sued the City of Riverview, the Riverview police department and several of its employees, his federal parole officer, his ex-wife and her parents, and other individuals. All defendants were sued in their individual and official capacities. Relying on the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, Killian essentially asserted that: 1) the defendants conspired to have his federal parole revoked; 2) the defendants violated his right to be free from false imprisonment, malicious prosecution and abuse of process, when he was arrested relative to a prior domestic dispute; 3) the defendants maliciously prosecuted him for impaired driving; 4) the defendants fabricated police reports and falsely testified at his parole hearing in order to deprive him of parole; 5) the defendants violated his First Amendment rights when he was ordered not to speak to his ex-wife; 6) the defendants denied him the right to contract; 7) the defendants violated his right to be free from interference with his attorney; and 8) the defendants unlawfully seized his keys and other property. He also asserted supplemental state law claims.
 
 
 3
 The district court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(d), reasoning that Killian should instead file a petition for habeas relief as he appeared to be challenging a state court conviction and federal parole revocation. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); United States v. Jalili, 925 F.2d 889, 893 (6th Cir.1991). In his timely appeal, he reasserts his first, second, third, fourth and eighth claims. He argues that this suit should not be construed as a Bivens action as to his federal parole officer and that he was not challenging a state court conviction as he had never been convicted in state court. Furthermore, he states that he previously filed an unsuccessful habeas petition.
 
 
 4
 Initially, we note that although neither Killian nor the defendants alleged that Killian had been convicted in state court, the district court did not err as the same reasoning applies whether Killian is challenging both a state court conviction and federal parole revocation, or merely a federal parole revocation.
 
 
 5
 We also note that Killian does not raise his fifth, sixth and seventh claims on appeal. Issues raised in the district court, but not on appeal, are considered abandoned and are not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Thus, these issues will not be reviewed.
 
 
 6
 Upon review, we conclude that the district court properly dismissed the complaint. For § 1915(d) dismissals for frivolity, this court reviews the dismissal for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). A complaint, permitted to be filed without prepayment of any costs under 28 U.S.C. § 1915(a), may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 7
 The district court did not abuse its discretion and properly concluded that Killian's claims are frivolous. However, we affirm the judgment in part for reasons other than those stated by the district court. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994). We agree that Killian's first, second, third and fourth claims challenge the revocation of his federal parole and are thus not cognizable until the parole revocation has been reversed or has been questioned by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 114 S.Ct. 2363, 2372 (1994); see also Williams v. Hill, 74 F.3d 1339, 1341 (D.C.Cir.1996) (extending Heck to federal prisoners).
 
 
 8
 Killian's eighth claim, alleging unlawful seizure of property, does not challenge the revocation of his parole, but it was nonetheless properly dismissed by the district court as it is without an arguable basis in law. Killian stated that the police seized his keys and ordered him to leave based on his wife's representations that he had been enjoined from the marital residence. Because of these representations, the officers' actions were not unreasonable and they are thus entitled to qualified immunity from individual liability. See Pray v. City of Sandusky, 49 F.3d 1154, 1157 (6th Cir.1995). Furthermore, as state officials, they may not be held liable for damages in their official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Killian's other allegations that property was taken from him appear to be, at most, a state law claim for conversion. As the Due Process Clause is not meant to supplant traditional state tort law, this portion of the claim is not cognizable. See Collins v. City of Harker Heights, Tex., 503 U.S. 115, 127-28 (1992).
 
 
 9
 Killian's other arguments on appeal are without merit. To the extent he sought monetary relief for violation of his federal civil rights, the district court properly construed this suit to be a Bivens action as to the defendant federal parole officer. See Butz v. Economou, 438 U.S. 478, 504 (1978). Also, Killian's previous habeas petition is immaterial as Heck does not simply require an inmate to bring a habeas petition before bringing a § 1983 action, but also requires the inmate to prevail. See Heck, 114 S.Ct. at 2372.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.