## Tommie ANDERSON, Appellant,

v.

## UNITED STATES of America, et al., Appellees.

### No. 03–5252.

United States Court of Appeals, District of Columbia Circuit.

May 26, 2004.

Tommie Anderson, Pollock, LA, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellees.

Before EDWARDS, SENTELLE, and RANDOLPH Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and supplement thereto filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's judgment filed July 16, 2003, and its order filed August 15, 2003 be affirmed as modified below.

The district court correctly held that appellant must seek release by filing a

motion to vacate his sentence in the sentencing court under 28 U.S.C. § 2255. Furthermore, his damages claims are barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and are barred as to some of the defendants by judicial, prosecutorial, and sovereign immunity. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Williams v. Hill,* 74 F.3d 1339, 1341 (D.C.Cir.1996) (per curiam). As for appellant's injunctive claims, "it is well-settled that a prisoner seeking relief from his conviction or sentence may not bring such an action," *id.* at 1340, and appellant lacks standing to seek injunctive relief on behalf of others. Finally, construing the complaint as a habeas petition would not assist appellant because, as discussed above, he must seek release through a § 2255 motion filed in the sentencing court.

In light of the foregoing, the district court properly dismissed the case and denied reconsideration. We modify the district court's judgment, however, to state that dismissal is without prejudice to appellant's right to pursue his claim for release in the proper forum and manner, and without prejudice to his right to pursue his damages claims against non-immune defendants upon meeting the requirements of *Heck v. Humphrey.*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.