

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2008

# Lora-Pena v. FBI

Precedential or Non-Precedential: Precedential

Docket No. 07-3511

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lora-Pena v. FBI" (2008). 2008 Decisions. Paper 933.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/933

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3511
_____

NELSON LORA-PENA,

Appellant

v.

FEDERAL BUREAU OF INVESTIGATION; UNITED
STATES MARSHAL SERVICE; DEPUTY US MARSHAL
ROBERT DENNEY; DEPUTY US MARSHAL JACK LEO;
DEPUTY US MARSHAL WILLIAM DAVID; SUP DEP US
MARSHAL THOMAS DAVIS; FUGITIVE
APPREHENSION TASK FORCE; TASK FORCE OFFICER
FLETCHER; TASK FORCE OFFICER DAILY; TASK
FORCE OFFICER BOWERS; STATE POLICE TROOPER
HAHN; UNITED STATES
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 06-cv-00442-SLR)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
June 10, 2008

Before: SLOVITER, BARRY
and NYGAARD, <u>Circuit Judges</u>

(Opinion Filed: June 20, 2008)


Nelson Lora-Pena
Canaan USP
P. O. Box 300
Waymart, PA 18474
    <u>Appellant</u>

Seth M. Beausang, Esq.
Office of the U.S. Attorney
1007 North Orange Street, Suite 700
PO Box 2046
Wilmington, DE 19899
    <u>Counsel for Appellees</u>

_____

OPINION
_____

PER CURIAM

This is an appeal from the District Court's dismissal of

Nelson Lora-Pena's civil complaint. For the following reasons,

we will vacate the District Court's order and remand the case for further proceedings.

On July 20, 2006, Appellant, an inmate at United States Penitentiary-Canaan, initiated a pro se civil action against a Pennsylvania state trooper, various U.S. Marshals, the U.S. Marshal Service, and the Federal Bureau of Investigation.[1] The action arises out of Lora-Pena's April 9, 2005 arrest for violating the terms of his supervised release imposed in the District of Rhode Island. Lora-Pena alleged that, during the arrest, officers repeatedly punched and kicked him after he fell to the floor. The arresting officers testified that Lora-Pena had

---

[1]Appellant's action is a mix of <u>Bivens</u> and 42 U.S.C. § 1983 claims. <u>See</u> <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In <u>Bivens</u>, the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights. Therefore, constitutional claims against federal officers are properly brought under <u>Bivens</u> and any claims against state officers are § 1983 claims.

both resisted arrest and assaulted them. Deputy Marshal Jack Leo described Lora-Pena as "scratching," "clawing," and "punching" him as well as using his two pit bulls to assault two deputy United States Marshals. Leo admitted to striking Lora-Pena, but only to an extent necessary to protect his firearm and to subdue him. As a result of the circumstances of the arrest, Lora-Pena was found guilty by a jury of three counts of assault on a federal officer in violation of 18 U.S.C. § 111 and one count of resisting arrest. See United States v. Lora-Pena, 227 Fed.Appx. 162 (3d Cir. 2007) (affirming Appellant's conviction).

In this civil suit, Lora-Pena alleged that Leo used excessive force against him during the arrest in violation of the Eighth Amendment. Further, Lora-Pena claimed that officers violated his Fifth and Fourteenth Amendment rights to due process of law, "including the right to be free from unjustified

and excessive force utilized by federal, state or local police."
The District Court dismissed Appellant's complaint for failure
to state a claim. Fed. R. Civ. P. 12(b)(6).

Our standard of review of the District Court's dismissal
under Rule 12(b)(6) is plenary. Atkinson v. LaFayette College,
460 F.3d 447, 451 (3d Cir. 2006). Plenary review requires us to
accept as true all allegations in the complaint and all reasonable
inferences that can be drawn therefrom, and view them in the
light most favorable to the plaintiff. See Evancho v. Fisher, 423
F.3d 347, 350 (3d Cir. 2005).

We begin by noting that the District Court properly
analyzed Lora-Pena's excessive force claims under the Fourth
Amendment. See Graham v. Connor, 490 U.S. 386, 398-99
(1989) (Eighth Amendment standard applies only after the State
has complied with constitutional guarantees traditionally
associated with criminal prosecutions).

The Supreme Court has held that, if judgment in favor of a plaintiff in a civil suit under 42 U.S.C. § 1983 would necessarily imply the invalidity of a prior criminal conviction, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. See Heck v. Humphrey, 512 U.S. 477, 484-87 (1994).[2] The trial judge instructed the jury in Lora-Pena's criminal case that in order to find Lora-Pena guilty of assaulting a federal officer, they had to determine that the officer was acting in the performance of his official duties. The District Court reasoned that Heck barred Lora-Pena's claims because an officer who uses excessive force is not, in good faith, performing his official duties. The District Court also found that

---

[2]Although Heck involved a § 1983 action by a state prisoner, the reasoning in Heck has been applied to bar Bivens claims. See, e.g., Williams v. Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam).

-6-

Lora-Pena's excessive force claim was inextricably intertwined with his convictions for resisting arrest and assaulting federal officers and therefore must be dismissed pursuant to <u>Heck</u>.

We cannot agree with the District Court that Lora-Pena's convictions for resisting arrest and assaulting federal officers bars his civil suit at the Rule 12(b)(6) stage. Despite the government's argument to the contrary, the question of whether the officers used excessive force was not put before the jury. The jury only determined whether the officers were acting within the scope of their official duties. Nowhere in the jury instructions did the trial judge state that the jury must determine whether the officers used excessive force against Lora-Pena. It is conceivable that a law enforcement officer, acting within the scope of his official duties, may use force that is excessive in effectuating a lawful arrest. <u>See</u> <u>Nelson v. Jashurek</u>, 109 F.3d 142, 145-146 (3d. Cir. 1997). In <u>Nelson</u>, the plaintiff had been

convicted in state court of resisting arrest. Under Pennsylvania law, to convict the plaintiff, the jury had to find that the officer involved "was justified in using 'substantial force.'" Nelson, 109 F.3d at 145. In reversing the district court's grant of summary judgment, we determined that "the fact that Jashurek was justified in using 'substantial force' to arrest Nelson does not mean that he was justified in using an excessive amount of force and thus does not mean that his actions in effectuating the arrest necessarily were objectively unreasonable." Id. Unlike in Heck, Nelson was not arguing that Jashurek falsely arrested him but rather "that Jashurek effectuated a *lawful* arrest in an *unlawful* manner." Id. at 146 (emphasis added). Similarly, Lora-Pena's convictions for resisting arrest and assaulting officers would not be inconsistent with a holding that the officers, during a lawful arrest, used excessive (or unlawful) force in response to his own unlawful actions.

-8-

We are not suggesting that Lora-Pena will be able to recover damages, only that the rationale of <u>Heck</u> does not present an absolute bar to his claim. In order to succeed on his excessive force claim, Lora-Pena must still show that the officers' actions were unreasonable in light of the circumstances of the arrest. <u>See</u> <u>Kopec v. Tate</u>, 361 F.3d 772, 776-77 (3d Cir. 2004). For the reasons stated above, we will vacate the District Court's order entered on July 16, 2007 and remand the case for further proceedings consistent with this opinion.