BLD-251                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1899
_____

MICHAEL ALAN CROOKER,

Appellant

v.

ROBERT WERLINGER, Warden, FCI Loretto
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00070)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 22, 2010

Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed:  August 19, 2010)
_____

OPINION
_____

PER CURIAM

Michael Crooker, a federal prisoner proceeding *pro se*, appeals the District Court

judgment denying the petition he filed under 28 U.S.C. § 2241.  In his petition, Crooker

alleged that, during a 35-day confinement in the Special Housing Unit, he was denied: the use of a comb; dental floss and dental picks; access to a typewriter; permission to purchase more than the regular limit of postage stamps; and permission to possess one cubic foot of legal files. Crooker sought unspecified declaratory and injunctive relief.

The District Court denied the petition, reasoning that Crooker was a litigant subject to the "three-strike" rule of § 1915(g), and that he styled his complaint as a § 2241 petition so that he could avoid the filing fee applicable to suits under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Crooker is proceeding *in forma pauperis*, we must dismiss the appeal if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also 28 U.S.C. § 1915(e)(2). We exercise plenary review over the District Court's legal determinations and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Crooker's petition does not challenge the fact or duration of his imprisonment, which are the essence of habeas. See Preiser v. Rodriguez, 411 U.S. 475, 484, 487 (1973). As we have explained, "when the challenge is to a condition of confinement such

---

[1] Bivens creates a cause of action which is the federal equivalent of the 42 U.S.C. § 1983 action against state actors, and lies where the defendant has violated the plaintiff's rights under color of federal law. See Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001).

that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Nor did he challenge the manner in which his sentence was executed. Cf. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005) (indicating that while certain types of transfers may give rise to habeas claims, "a garden variety prison transfer" would not). Where the defendants are federal actors, the plaintiff should seek relief under Bivens. See Williams v. Hill, 74 F.3d 1339, 1339-41 (D.C. Cir. 1996).

Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2).