ALD-206                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4183
_____

TROY HOLMES,
                    Appellant

v.

THOMAS A. DREYER; AMBRO, FIRST NAME UNKNOWN; TRACY LEE
FREDERICK; BERNADETTE MCKEON; FELICIA SARNER; CHAGARES, FIRST
NAME UNKNOWN; MICHAEL D. REFFAELE; MARCIA M. WALDRON; JASON
PATRICK BOLOGNA; GREENAWAY, FIRST NAME UNKNOWN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 10-cv-02757)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(b)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 9, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 22, 2011)

_____

OPINION
_____

PER CURIAM

        Troy Holmes appeals pro se and in forma pauperis from the United States District

Court for the Eastern District of Pennsylvania's dismissal of his complaint pursuant to 28

U.S.C. § 1915(e)(2), and denial of his motion to amend or supplement his complaint. For the reasons that follow, we will summarily affirm the district court's orders.

## I.

In June 2010, Holmes (a federal prisoner) commenced a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his rights were violated during his 2009 criminal trial and subsequent appeal by: (1) his attorneys (defendants Frederick, Sarner, Raffaele, and Dreyer), who purposely did not provide him with effective representation; and (2) federal prosecutors (defendants McKeon and Bologna), who selectively prosecuted him and introduced perjured testimony at his trial. Holmes further claims that the Clerk of this Court lacked authority to deny his motion to remove his appellate counsel, and that the Third Circuit judges who heard his appeal erred by allowing the Clerk of Court to rule on his motion.[1]

Upon granting Holmes permission to proceed in forma pauperis, the district court dismissed his complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2). The district court thereafter denied Holmes's motion to amend or supplement his complaint.

Holmes now appeals.

## II.

---

[1] We affirmed Holmes's conviction on July 23, 2010, and denied his motion for rehearing on April 11, 2011. (C.A. No. 09-3811.)

Because this appeal presents no substantial question, we will summarily affirm the orders of the district court dismissing the complaint as frivolous and denying the motion to amend. 3d Cir. LAR 27.4 and I.O.P. 10.6. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the sua sponte dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2) is plenary. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

Holmes's civil complaint concerns his allegedly unfair criminal trial and appeal therefrom, which he asserts violated his civil rights. For example, he asserts that his attorneys at the trial and appellate stages "maliciously and deliberately" "filled in the gaps" of the prosecution's case "to support the illegal conviction," apparently by allowing the prosecutor "to testify to evidence that was never presented to the jury . . . to ensure an illegal conviction." However, a prisoner's civil rights suit for damages is barred unless he can demonstrate that his conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[2] *Heck's* favorable termination rule applies "no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The district court determined that *Heck* prohibited Holmes's civil rights claims. We agree that, in the circumstances presented, Holmes's claims regarding prosecutorial misconduct, malicious prosecution, and ineffective assistance of counsel imply the validity of his conviction and thus are not cognizable under *Heck.*

---

[2] Although *Heck* involved a 42 U.S.C. § 1983 action by a state prisoner, its reasoning has been applied to bar claims under *Bivens*. *See, e.g.*, *Williams v. Hill*, 74 F.3d 1339, 1341 (D.C. Cir. 1996).

3

The district court also appropriately dismissed the claims against the Clerk of Court and the judges of this Court after determining that they are immune from suit. *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duty has absolute immunity from suit and will not be liable for his judicial acts."); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) ("[A]ny public official acting pursuant to court directive is [] immune from suit.").

For the foregoing reasons, we will affirm the district court's orders.[3]

---

[3] Because the district court dismissed Holmes's complaint as legally frivolous, it appropriately denied his motion to amend the complaint, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (explaining that "dismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend under Rule 15(a) when amendment is inequitable or futile").