CLD-269                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2662
_____

JAMES E. MURPHY,
Appellant

v.

DARYL F. BLOOM; WENDY YINGER;
DENNIS E. BOYLE; GERALD A. LORD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-CV-01757)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2011
Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed:  August 31, 2011)
_____

OPINION
_____

PER CURIAM

        James E. Murphy appeals from an order of the United States District Court for the

Middle District of Pennsylvania, which dismissed his complaint and denied his motion to

amend the complaint. For the reasons that follow, we will summarily affirm the District Court's order.

After a jury trial in 2009, Murphy was found guilty of violating 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. His direct appeal of that conviction is pending in this Court. See United States v. Murphy, No. 10-2896. In August 2010, Murphy filed a complaint and, a month later, an amended complaint, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Murphy sued Assistant United States Attorney Daryl Bloom (who prosecuted his case), Wendy Yinger (the court reporter at the trial), Dennis E. Boyle, Esq. (a privately retained attorney who represented Murphy at trial), and Gerald A. Lord, Esq. (a court-appointed attorney who represented Murphy at sentencing). Murphy alleged that the defendants conspired to alter his trial transcript and to include a false declaration in his sentencing memorandum. He also alleged that attorneys Boyle and Lord rendered "deficient representation" in various ways in conjunction with his trial and sentencing. All defendants filed motions to dismiss. Murphy filed a brief in opposition to the motions to dismiss, and also filed a "Motion to Amend and Supplement the Pleadings." The District Court granted the motions to dismiss, and denied the motion to amend. Murphy filed a timely appeal.

Because this appeal presents no substantial question, we will summarily affirm the order of the District Court dismissing the complaint and denying the motion to amend.

---

[1] Bivens recognized a private cause of action to recover damages against federal actors for constitutional violations, similar to the cause of action against state actors provided by 42 U.S.C. § 1983.

3d Cir. LAR 27.4 and I.O.P. 10.6. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. When the District Court grants a motion to dismiss, our review is plenary. Newman v. Beard, 617 F.3d 775, 779 (3d Cir. 2010). "We accept all factual allegations as true, construe the amended complaint in the light most favorable to [Murphy], and determine whether, under any reasonable reading of the amended complaint, he may be entitled to relief." Id.

As the District Court recognized, a prisoner's civil rights suit based on violations of his rights during his criminal proceedings is barred unless he can demonstrate that his conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[2] Heck's favorable termination rule applies "no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The District Court determined that Heck prohibited Murphy's civil rights claims. We agree. As the District Court noted, we held in Tedford v. Hepting, 990 F.2d 745, 747 (3d Cir. 1993), that a criminal defendant's constitutional rights would be violated by transcript errors "only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding." Thus, successful claims regarding the transcript would necessarily imply the invalidity of Murphy's conviction, and such claims would not be cognizable under Heck.

---

[2] Although Heck involved a 42 U.S.C. § 1983 action by a state prisoner, its reasoning has been applied to bar claims under Bivens. Lora-Pena v. F.B.I., 529 F.3d 503, 506 n.2 (3d Cir. 2008) (per curiam) (noting Heck has been applied to Bivens claims); see, e.g., Williams v. Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996).

To the extent Murphy was attempting to bring legal malpractice claims against Boyle and Lord, the District Court also appropriately dismissed those claims. As the District Court noted, Murphy had no <u>Bivens</u> cause of action against Boyle and Lord, as they are not considered federal actors. Boyle was a privately-retained attorney, and Lord, even though paid by the government, did not act under color of federal law for purposes of <u>Bivens</u> where he was performing traditional functions of counsel. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981) (public defender does not act under color of state law under 42 U.S.C. § 1983 when performing traditional functions of counsel to criminal defendant in state proceeding).[3] To the extent Murphy was claiming ineffective assistance of counsel pursuant to the Sixth Amendment, such claims would properly be brought in a motion filed pursuant to 28 U.S.C. § 2255, not a civil complaint.

For the foregoing reasons, we will affirm the District Court's order.[4]

---

[3] The District Court also properly recognized that Murphy did not follow the proper procedure for bringing a legal malpractice claim; <u>i.e.</u>, he did not properly file Certificates of Merit as to his claims, as required by state law. Pa. R. Civ. P. 1042.3 (a Certificate of Merit is required in "any action" against an attorney that calls into question whether counsel "deviated from an acceptable professional standard"). In any event, the District Court would be justified in declining to exercise supplemental jurisdiction over Murphy's state law claims. 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction where district court has dismissed all claims over which it has original jurisdiction).

[4] The District Court also appropriately denied Murphy's motion to amend the complaint, as amendment would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 112-13 (3d Cir. 2002).