CLD-048                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3193
_____

CLARENCE D. SCHREANE,
                                                    Appellant

v.

J. SEANA, Correctional Officer; K. SWARTZFAGER, Correctional Officer;
EDWARD Lieutenant; RENDA, Disciplinary Hearing Officer; DUNAHUE,
Correctional Officer; ALONGA, USP Canaan Special Housing Unit Officer;
WARDEN RONNIE HOLT

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:11-cv-00613)
District Judge:  Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2012

Before:  RENDELL, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 13, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Clarence D. Schreane, a federal inmate currently incarcerated at USP Lewisburg

in Lewisburg, Pennsylvania and proceeding pro se, appeals from an order of the United

States District Court for the Middle District of Pennsylvania denying his motion for reconsideration of the order dismissing with prejudice his second amended complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971). Because this appeal does not present a substantial question, we will summarily affirm the District Court's order with one modification. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In his second amended complaint, Schreane asserts that he was issued a misconduct write-up for violating Bureau of Prisons ("BOP") Code 205, engaging in a sexual act in front of a correctional officer. He requested to see the surveillance video of the incident and alleges that in retaliation for this request, Officer Swartzfager made false accusations against him and wrote a false incident report charging him with another Code 205 violation. Schreane also argues that Lieutenant Edward, the officer charged with investigating the incident, refused to allow Schreane to see the video, failed to review the video himself, and failed to advise him on his due process rights. According to Schreane, Disciplinary Hearing Officer ("DHO") Renda refused his requests to call witnesses and play the video at his hearing and found him guilty based only on the misconduct reports and no corroborating evidence. Finally, Schreane alleges that Warden Holt refused to review the video. Schreane subsequently lost good time credits for both Code 205 violations.

Schreane also asserts that he was charged with possession of an illegal object inside of an ink pen. According to Schreane, Officer Alonga planted the item inside the pen to "set him up." Schreane requested to see the surveillance video, but his request was denied and he subsequently spent time in the Special Handling Unit ("SHU") and lost good-time credits. Finally, Schreane alleges that Officer Donahue violated his First Amendment right to free exercise of religion by failing to secure his religious oils. According to Schreane, he wrote to Warden Holt, asking him to return the oils and review the videos of the theft of the oils. In response, Warden Holt stated that he would not review the videos and would sustain the decision of the DHO.

On May 1, 2011, Schreane filed a civil rights complaint pursuant to Bivens; he then filed an amended complaint on April 25, 2011. On June 13, 2011, a Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Schreane's claims for specific monetary damages be dismissed; that his Fifth Amendment due process claims against Holt, Seana, Swartzfager, Edward, Renda, and Alonga be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994); and that his First Amendment claims against Donahue, Seana, and Swartzfager be dismissed. On November 15, 2011, the District Court dismissed Schreane's § 1983, Fifth Amendment due process, First Amendment, and Eighth Amendment claims with prejudice, dismissed his equal protection claim without prejudice, and provided Schreane with the opportunity to file an amended complaint stating an equal protection claim.

On December 20, 2011, the Magistrate Judge recommended that Schreane's suit be dismissed without prejudice because he had failed to file a second amended complaint to comply with the District Court's November 15, 2011 order. However, Schreane filed his second amended complaint on January 5, 2012. In this complaint, he again alleged violations of his Fifth Amendment due process and equal protection, First Amendment, and Eighth Amendment rights. Accordingly, the District Court rejected the second R&R.

On April 13, 2012, the Magistrate Judge entered a third R&R recommending that Schreane's second amended complaint be dismissed with prejudice. On May 30, 2012, the District Court adopted the R&R and dismissed Schreane's second amended complaint with prejudice. Schreane subsequently filed a motion for reconsideration, which was denied by the District Court on July 23, 2012. He then timely filed a notice of appeal.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Schreane's timely appeal from the denial of his motion for reconsideration "brings up the underlying judgment for review," we will review the District Court's dismissal of his second amended complaint as well as its denial of his motion for reconsideration. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007); see also McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992) ("[A]n appeal from a denial of a Motion for Reconsideration brings up the underlying judgment for review."). We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review a denial of a motion

4

for reconsideration for abuse of discretion, but review a district court's underlying legal determinations de novo and its factual determinations for clear error. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah, 229 F.3d at 223. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We look for "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of a claim for relief. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). "A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001).

Schreane first alleges that several defendants violated his Fifth Amendment right to procedural due process. Specifically, Schreane states that several of the defendants filed false charges against him as retaliation for exercising his First Amendment rights

5

and for requesting to view the surveillance tapes of the incidents leading to his various misconduct charges. He also argues that other officers used unconstitutional procedures to conduct his disciplinary hearings.

In 1994, the Supreme Court held that if the success of a § 1983 damages claim brought by a prisoner "would necessarily imply the invalidity of his conviction or sentence," the prisoner may only bring the claim where the conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Three years later, the Court extended that rule to prison disciplinary sanctions, holding that a prisoner cannot bring a suit under § 1983 where the success of that suit would "necessarily imply the invalidity of the deprivation of his good-time credits." Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). This bar not only applies to requests for money damages, but also to requests for equitable and declaratory relief. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The Heck rule applies to bar such claims under Bivens as well. See Lora-Pena v. F.B.I., 529 F.3d 503, 506 n.2 (3rd Cir. 2008) (citing Williams v. Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam)). Instead, the proper avenue of relief is a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 to challenge the duration of the sentence. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy when a prisoner seeks "a speedier release from . . . imprisonment" as through the restoration of good time credits).

Here, Schreane is challenging disciplinary proceedings that resulted in the loss of good time credits. A ruling in his favor would necessarily imply the invalidity of the

punishment imposed by the defendants. We agree with the District Court that his Fifth Amendment procedural due process claim is not cognizable under Heck and Edwards; however, a dismissal pursuant to Edwards should be without prejudice. See, e.g., Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996). Accordingly, we modify the District Court's dismissal of Schreane's due process claim so that it is without prejudice to either renewal upon a favorable termination of the disciplinary findings against Schreane or a challenge to Schreane's loss of his good time credits through the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2241.

As his second claim, Schreane alleges that Officer Donohue violated his First Amendment freedom of religion rights when his religious oils were lost, misplaced, or stolen during his confinement in the SHU. According to Schreane, Donohue failed to secure his religious oils and should have been more attentive to his duties. A prisoner retains "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrective system." Pell v. Procunier, 417 U.S. 817, 822 (1974). However, an isolated act of negligence does not violate an inmate's First Amendment right to free exercise of religion. See Gallagher v. Shelton, 587 F.3d 1063, 1070 (10th Cir. 2009). Here, Schreane alleges that Donohue was negligent in securing his religious oils after his move to the SHU; he does not allege that Donohue intentionally chose not to secure the oils. Accordingly, the District Court properly dismissed Schreane's First Amendment claim.

7

Schreane next asserts a general claim that his Eighth Amendment right to be free from cruel and unusual punishment was violated because of his removal to the SHU and because of his loss of good time credits. The relevant Eighth Amendment inquiry is whether the alleged deprivation is "sufficiently serious" and whether the inmate has been deprived of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). An inmate must demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials demonstrated "deliberate indifference" to his health or safety. Id. We agree with the District Court that Schreane failed to state an Eighth Amendment claim because he did not suffer any pain or interference with his health or basic needs.

Throughout his second amended complaint, Schreane alleges that Appellees violated his Fifth Amendment rights to equal protection because he was convicted of two Code 205 violations based on the fact that he is African-American. However, we agree with the District Court that Schreane failed to plead an equal protection claim because he never supported his allegation with evidence that he received treatment different than that received by other similarly situated individuals.[1] Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003).

---

[1] The District Court did not provide Schreane leave to amend his First Amendment and Eighth Amendment claims after dismissing them with prejudice on November 15, 2011. While courts should not dismiss pro se complaints without granting leave to amend unless "amendment would be inequitable or futile," Grayson v. Mayview State Hosp.,

Finally, Schreane timely filed a motion for reconsideration of the District Court's order dismissing his second amended complaint with prejudice. A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). Schreane did not identify any of these factors in his motion, wherein he merely restated his argument regarding the need to review the surveillance videotape. Given that Schreane's motion merely reiterated his previous argument in support of his Bivens action, we discern no abuse of discretion in the District Court's denial of Schreane's motion.

## IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Although we will affirm, we modify the dismissal of Schreane's due process claim to be without prejudice to either renewal upon a favorable termination of the disciplinary findings against Schreane or Schreane's challenging the loss of his good time credits through the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2241.

---

293 F.3d 103, 114 (3d Cir. 2002), we conclude that the District Court did not err in declining to allow Schreane an opportunity to amend these claims because we do not see how any amendments would have been successful. Likewise, we conclude that the District Court did not err in denying Schreane another opportunity to amend his equal protection claim because he had previously received one such opportunity after the dismissal of his first amended complaint.