CLD-166                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3777
_____

TROY LAMONT ROGERS,
Appellant

v.

DETECTIVE MILLS, (RET) BRISTOL TOWNSHIP POLICE DEPT.;
BRISTOL TOWNSIHP POLICE DEPARTMENT;
UNKNOWN OFFICERS & DEA AGENTS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-11-cv-04706)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 21, 2013
Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 2, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Troy Lamont Rogers appeals the District Court's order dismissing

his complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  We have

appellate jurisdiction under 28 U.S.C. §1291.  Our review is plenary. See Digacomo v.

Teamsters Pension Trust Fund of Phila. and Vicinity, 420 F.3d 220, 222 n.4 (3d Cir. 2005) (stating standard of review over dismissal under Rule 12(b)(6 )).  Because the appeal does not present a substantial question, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Rogers is currently a federal inmate at the Bennettsville South Caroline Prison Camp.  He is serving a 276-month sentence for his 1996 conviction of distribution of 17.92 grams of cocaine base within 1000 feet of a playground.  He filed this action against Detective Mills, the Bristol Township Police Department, and "unknown officers and DEA Agents" pursuant to 42 U.S.C. § 1983, alleging that Detective Mills acted improperly during the 1994 investigation that led to his conviction and imprisonment. Specifically, Rogers alleged that Detective Mills induced a confidential informant to add a half ounce of cocaine base to the amount of cocaine base the informant purchased from Rogers.  The defendants filed two separate motions to dismiss the complaint.  The District Court granted the defendants' motions in their entirety, finding that the "favorable termination rule" established in Heck v. Humphery, 512 U.S. 477 (1994), barred Rogers' claims under § 1983 and Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

---

[1]The District Court properly construed Rogers' constitutional claims against the federal officers as brought under Bivens.  See Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001) (stating that a Bivens action is the federal equivalent of a § 1983 cause of action against state actors.).

2

We agree with the District Court's determination that Rogers' complaint fails to state a cause of action. In 1994, the Supreme Court held that if the success of a § 1983 damages claim brought by a prisoner "would necessarily imply the invalidity of his conviction or sentence," the prisoner may only bring the claim where the conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). This bar not only applies to requests for money damages, but also to requests for equitable and declaratory relief. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The Heck rule applies to bar such claims under Bivens as well. See Lora-Pena v. F.B.I., 529 F.3d 503, 506 n.2 (3rd Cir. 2008) (citing Williams v. Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam)). Here, Rogers alleges that Mills induced the confidential informant to add a half ounce of cocaine base to the amount of cocaine base he bought from Rogers. Because the amount of cocaine base sold by Rogers directly impacts Rogers' conviction and the calculation of his sentence, the success of Rogers' § 1983 claim would necessarily imply their invalidity. Moreover, Rogers has not alleged that his conviction or sentence has been overturned, or that he has successfully challenged the validity of his confinement or duration.[2] As a result, his claims are barred by Heck and were properly dismissed.

---

[2] The District Court correctly notes that Rogers has unsuccessfully challenged his sentence through several avenues, including a direct appeal and relief under 28 U.S.C. § 2255.

3

Accordingly, we will summarily affirm the District Court's order dismissing

Roger's complaint because the appeal presents no substantial question.[3]

---

[3] The District Court did not provide Rogers leave to amend his complaint before dismissing it with prejudice.  We conclude that the District Court did not err in declining to allow Rogers an opportunity to amend because we do not see how any amendment to his complaint would save his claims.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (noting that a court should not dismiss pro se complaints without granting leave to amend unless "amendment would be inequitable or futile").