## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM D. POYNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 13-1129 (EGS) |
| v. | ) |
| | ) |
| LINDA RUSSO and | ) |
| JACQUELINE SULLIVAN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under *Bivens*, alleging that defendants, who served as court reporters during his trial in this Court, knowingly and intentionally allowed the official transcripts of plaintiff's trial to reflect inaccurate testimony and that those transcripts concealed prosecutorial misconduct.

The Court, upon *sua sponte* review of plaintiff's complaint, will dismiss the complaint under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), and applied to *Bivens* actions in *Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996). In *Heck v. Humphrey*, the plaintiff claimed that prosecutors and police investigators involved in his criminal prosecution had engaged in unlawful conduct that led to his arrest and conviction. 512 U.S. at 479. The Supreme Court held that a plaintiff cannot pursue a civil claim where the recovery on that

claim would imply the invalidity of a criminal conviction unless that plaintiff first establishes that the conviction has been overturned. *Id*. at 486. In order to determine whether a *Bivens* claim is barred under *Heck v. Humphrey*, the district court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Here, plaintiff has not established that the conviction has been overturned; indeed, plaintiff is currently appealing his conviction. *See United States v. Poynter*, 07-cr-48 (D.D.C. filed Mar. 1, 2007). Thus, the only question that remains is whether plaintiff's claims would necessarily imply the invalidity of his conviction or sentence. The Court finds that they would. Specifically, plaintiff alleges that the errors in the transcripts "conceal prosecutorial misconduct" and violate plaintiff's right to due process. Accordingly, plaintiff's claims in this action necessarily imply the invalidity of his conviction or sentence, and must be dismissed.

In light of the immediate disposition of this case, the Court will vacate its Order requiring plaintiff to pay any portion of the filing fee from his prisoner trust fund account.

An appropriate Order accompanies this Memorandum Opinion.

**Signed:**   **Emmet G. Sullivan**
              **United States District Judge**
              **August 12, 2013**