UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Morris B. Fahnbulleh,                    )
                                         )
            Plaintiff,                    )        Case: 1:16-cv-01608         (F-Deck)
                                         )        Assigned To : Unassigned
      v.                                 )        Assign. Date : 8/8/2016
                                         )        Description: Pro Se Gen. Civil
Loretta Lynch *et al.*,                   )
                                         )
            Defendants.                   )

MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, has submitted a Complaint for equitable

relief and an application to proceed *in forma pauperis*. The application will be granted and the

complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's

case upon a determination that the complaint fails to state a claim upon which relief may be

granted).

Plaintiff sues U.S. Attorney General Loretta Lynch, U.S. District Judge Reggie B.

Walton, who presided over his criminal case in this Court, and various other participants in his

criminal prosecution. Plaintiff was convicted of multiple fraud offenses. *See United States v.*

*Fahnbulleh*, 752 F.3d 470, 474 (D.C. Cir. 2014). In the instant action captioned "Expedited

Civil Rights Action for Declaratory and Injunctive Relief," plaintiff claims that the criminal

indictment was obtained by massive fraud.

It is "well-settled that a prisoner seeking relief from his conviction or sentence may not

bring [ ] an action" for injunctive and declaratory relief. *Williams v. Hill*, 74 F.3d 1339, 1340

(D.C. Cir. 1996) (citations omitted)). Moreover, plaintiff's success on his sweeping allegations

of fraud would necessarily invalidate his conviction. Consequently, his claim is not "cognizable

1

unless and until he meets the requirements of *Heck*" by having the sentence invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x. 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). "*Heck* applies 'no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration.'" *Id.*, quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (alterations in original)). The criminal docket, No. 09-cr-359-1-RBW, shows that plaintiff's convictions have not been vacated or otherwise invalidated. Accordingly, this action will be dismissed without prejudice.[1] A separate order accompanies this Memorandum Opinion.

United States District Judge

Date: August 4, 2016

---

[1] Plaintiff further complains about the conditions of his confinement, over which none of the named defendants has control. *See* Compl. ¶¶ 61-68. Because plaintiff is currently incarcerated at the Rivers Correctional Institution in Winton, North Carolina, this Court sitting in the District of Columbia is not the proper forum for litigating the prison conditions claim in any event. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as the judicial district in the State where a substantial part of the events occurred). The United States District Court for the Eastern District of North Carolina is properly situated to address that claim.