# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 20-5366**

**September Term, 2021**

**1:20-cv-00325-UNA**

**Filed On:** September 23, 2021

Garry David Gallardo,

        Appellant

    v.

Donald J. Trump, President of the United
States, et al.,

        Appellees


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


**BEFORE:**    Pillard, Rao, and Jackson, Circuit Judges


## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed March 9 and April 22, 2020, be affirmed. The district court did not err in dismissing appellant's complaint and civil action concerning his criminal convictions and clemency petitions, nor did the court abuse its discretion in denying his motion to alter or amend the judgment. See, e.g., Yelvington v. Presidential Pardon & Parole Attorneys, 211 F.2d 642, 643-44 (D.C. Cir. 1954) ("The pardoning power is ... expressly vest[ed] in the President" and "should ... be free of judicial control, even to the limited extent here proposed."); Clark v. Memolo, 174 F.2d 978, 980 (1949) ("It is well settled that the Declaratory Judgment Act does not confer or extend jurisdiction over an area not already covered, nor can it be used to give relief indirectly which could not be given directly."); Williams v. Hill, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996) (per curiam) (holding that rationale of Heck v. Humphrey, 512 U.S. 477 (1994), applies to Bivens claims and that plaintiff may not recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" unless his conviction or sentence has been set aside).

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 20-5366**                                **September Term, 2021**


       Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>


                                 **FOR THE COURT:**
                                 Mark J. Langer, Clerk

                BY:    /s/
                         Daniel J. Reidy
                         Deputy Clerk